UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Brian James Livingston and  Case No. 05-81276-PJS
Joan Elizabeth Livingston,  Chapter 7
          Debtors.  Hon. Phillip J. Shefferly
_____/

Transnation Title Insurance Co.,
          Plaintiff,
v.  Adv. No. 06-4481

Brian James Livingston and
Joan Elizabeth Livingston,
          Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

The Court issued an opinion and order on April 27, 2007, granting the Plaintiff's motion for summary judgment. The motion was based on the collateral estoppel effect of a judgment of the Wayne County Circuit Court and an opinion affirming that judgment by the Michigan Court of Appeals. The Defendants filed a timely motion for reconsideration and brief in support on May 7, 2007. The Defendants' motion relies on L.B.R. 9024-1(c) (E.D.M.), and is based on alleged factual and legal errors made by this Court.

The "factual" errors cited by the Defendants are that this Court "overlooked" the fact that the state trial court was the trier of fact, that the trial court erred in granting summary disposition by failing to make factual findings, and that the Michigan Court of Appeals erred in turn by making factual findings. According to the Defendants, this Court made an additional "factual" error in misreading the Michigan Court of Appeals decision as to the basis for Mrs. Livingston's liability. The Defendants contend that the Court of Appeals decision should be read as finding Mrs. Livingston liable only for innocent misrepresentation or for breach of contract, but not for fraud.

The Court rejects this argument. This Court may not review any alleged "errors" on the part of the Wayne County Circuit Court or the Michigan Court of Appeals. Under the U.S. Supreme Court's

> Rooker-Feldman abstention doctrine, . . . a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

Johnson v. Grandy, 512 U.S. 997, 1005-06 (1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). In order for this Court to rule that the debt to the Plaintiff is dischargeable, it would have to find that both the state courts wrongly decided the issue of the Defendants' liability for fraud. Such a ruling is beyond this Court's jurisdiction. See Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir. 1996) (interpreting Rooker-Feldman as depriving lower federal courts of jurisdiction "to review final decisions of the courts of a state or similar jurisdiction in judicial proceedings") (citations omitted); see also Singleton v. Fifth Third Bank of Western Ohio (In re Singleton), 230 B.R. 533, 536-37 (B.A.P. 6th Cir. 1999) (explaining that a federal court is barred from reviewing a state court judgment where state and federal claims are "inextricably intertwined" such that "the relief requested in the federal action would effectively reverse the state court decision or void its ruling" and "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it") (internal quotation marks and citations omitted).

The Defendants are correct that the Michigan Court of Appeals addressed the claims for innocent misrepresentation and breach of contract, focusing on Mrs. Livingston. However, whatever else that court may have explored in its opinion, it nevertheless clearly ruled that there was no genuine issue of material fact regarding the Plaintiff's fraud claim as to *both* Mr. and Mrs. Livingston.

The "legal error" described by the Defendants is that this Court wrongly concluded that the U.S. Court of Appeals for the Sixth Circuit has not provided any direction on the application of collateral estoppel principles to the circumstances of this case. First, this Court did not so conclude. In fact, this Court did not look to guidance from the Sixth Circuit because the issue of the collateral estoppel effect of a state court judgment is an issue of *state law*. See Cresap v. Waldorf (In re Waldorf), 206 B.R. 858, 862

06-04481-pjs    Doc 46    Filed 05/22/07    Entered 05/22/07 10:22:46    Page 2 of 3

(Bankr. E.D. Mich. 1997) (holding that, in applying the Full Faith and Credit Act, "the bankruptcy court must initially determine whether a state court judgment would receive preclusive effect in the state where it was rendered"). Instead, this Court looked to what the Michigan Supreme Court would decide if faced with the issue. Moreover, in the case cited by the Defendants, National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 909-10 (6th Cir. 2001), the Sixth Circuit discussed *in dicta* the issue of the preclusive effect of a *federal* court judgment. Accordingly, the Sixth Circuit in that case looked to federal common law and cited to no Michigan cases. Further, this Court could find no indication that any Michigan court has followed the Sixth Circuit's dicta in National Satellite, or even discussed it at all.

In the final analysis, it is clear that the Defendants are unhappy with the outcome of the suit brought against them in Wayne County Circuit Court, and affirmed by the Michigan Court of Appeals. But that does not provide this Court with any basis to disregard the preclusive effect of the judgment rendered in that action. Nor does it provide a basis to conclude that there was a palpable error in this Court's opinion of April 27, 2007. The Court finds that the Defendants' motion does not meet the requirements of L.B.R. 9024-1(c), because the Defendants have not demonstrated a palpable defect by which the Court and the parties have been misled nor demonstrated that a different disposition of the case must result from a correction therefrom, but instead the Defendants merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. Accordingly,

IT IS HEREBY ORDERED that the Motion for Reconsideration (Docket No. 44) is DENIED.

**Signed on May 22, 2007**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**